UNITED STATES of America, Appellee

v.

Sabino GARCIA, Appellant.

No. 05–3111.

United States Court of Appeals,
District of Columbia Circuit.

June 20, 2007.

Rehearing En Banc Denied
Sept. 26, 2007.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A.J. Kramer, Federal Public Defender, Neil H. Jaffee, Assistant Federal Public Defender, Sandra Gayle Roland, Assistant Federal Public Defender, Federal Public Defender, Washington, DC, for Appellant.

BEFORE: RANDOLPH, GARLAND, and GRIFFITH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed. The district court did not abuse its discretion in denying appellant's motion for a mistrial and his subsequent motion for a new trial based on the prosecutor's remarks during his opening statement. *See United States v. Roy*, 473 F.3d 1232, 1237 (D.C.Cir.2007); *United States v. Alexander*, 331 F.3d 116, 128–29 (D.C.Cir.2003). The court properly relied on its curative instruction as an adequate remedy for the prosecutor's assertedly improper remarks. *See United States v. Thomas*, 114 F.3d 228, 249 (D.C.Cir.1997). Moreover, the court did not abuse its discretion in denying a mistrial after prohibiting defense counsel from arguing facts not in evidence.

*See United States v. Earle,* 375 F.3d 1159, 1165 (D.C.Cir.2004).

■ Further, the court properly denied appellant's motion to suppress evidence. The police had reasonable suspicion to stop appellant based on information received from a confidential informant and appellant's conduct within an area known for extensive drug trafficking. *See United States v. Dykes,* 406 F.3d 717, 720 (D.C.Cir.2005). This suspicion ripened into probable cause after the police found a package that appellant had discarded while fleeing and recognized that the package contained cocaine. *See United States v. Garrett,* 959 F.2d 1005, 1007–08 (D.C.Cir. 1992). Because probable cause was present, it was permissible for the police to arrest appellant and search his person. *See United States v. Mapp,* 476 F.3d 1012, 1017–18 (D.C.Cir.2007).

Appellant's challenges to his sentence are not supported by the record. The district court's application of the Sentencing Guidelines for cocaine base offenses was supported by testimony that appellant's offense involved cocaine base. In addition, there is no indication in the record that the court treated the Sentencing Guidelines as mandatory.

■ Finally, even if appellant's attorney did not waive appellant's right to a Spanish-language interpreter by representing that no interpreter was required during pre-trial proceedings, the court did not commit plain error in failing to appoint an interpreter during those proceedings. *See United States v. Arthurs,* 73 F.3d 444, 447 (1st Cir.1996). Appellant's asserted need for translation services was not sufficiently obvious to require action by the district court even in the absence of a request for an interpreter from appellant and his attorney.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.